## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MONICA BARTLEY, NEISHA HIGGS,
DARRYEL WOODSON, T.D. BRYSON, KEVIN
WALLACE, CALVIN IVORY, EDRICHUS
SYKES and CHARLES WILSON, JR. ,

        Plaintiffs,

v.                                Case No:  6:10-cv-1180-Orl-36DAB

KIMS ENTERPRISE OF ORLANDO, INC.,
FLORIDA INTRACITY PATROL, INC., CHOM
KIM,

        Defendants.
_____/

## ORDER

      This cause comes before the Court upon the Report and Recommendation filed by

Magistrate Judge David A. Baker on December 26, 2012 (Doc. 252).   In the Report and

Recommendation, Judge Baker finds that Defendant Florida Intracity Patrol, Inc.'s

("Defendant") Proposal for Settlement in the amount of $100.00 was not made in good faith and

recommends denying Defendant's request for an award of attorney's fees and costs pursuant to

Florida Statute § 768.79.  Doc. 252, p. 8.  On January 9, 2013, Defendant filed an Objection to

the Report and Recommendation ("Objection") (Doc. 257).   On January 22, 2013, Plaintiff

Edrichus Sykes ("Plaintiff Sykes") filed a Response to Defendant's Objection.  Doc. 261.  The

Report and Recommendation is ripe for review.

## I.     BACKGROUND

      This is a tort action involving claims of false imprisonment and intentional infliction of

emotional distress arising out of an incident on November 22, 2008, where Plaintiffs were

confronted and detained at gunpoint by the Orange County Sheriff's Department ("OCSD") as

they left the Magic Mall Outlet in Orlando.  In their Amended Complaint, filed on February 4, 2011, Plaintiffs allege the following claims against Defendant: (I) illegal stop/detention/imprisonment in violation of Fl. Const. Art. 1, §§ 2, 9; (II) illegal search/seizure/battery in violation of Fl. Const. Art. 1, §§ 2, 9; and (III) intentional infliction of emotional distress.  Doc. 40.

On October 27, 2010, ninety days after Plaintiffs filed the original Complaint and well before the date established by the Court for mandatory initial disclosures, Defendant served Plaintiff Sykes with a proposal for settlement in the amount of $100.00, pursuant to Florida Rule of Civil Procedure 1.442 and Florida Statute § 768.79 ("Proposal").  Doc. 224-Ex. 2; *see* Docs. 2; 30.  At the time of service of the Proposal, Defendant had not responded to any discovery requests, received responses from its initial discovery requests, taken any depositions, or answered the Amended Complaint.  Doc. 240, pp. 2-3.

On September 9, 2011, the Court granted in part and denied in part FIP's Motion for Summary Judgment, dismissing all claims brought by Plaintiff Sykes, while denying summary judgment with respect to the claims brought by all other Plaintiffs.  Doc. 80.  On December 6, 2011, following a Notice of Partial Settlement (Doc. 81), the Court dismissed the Sheriff of Orange County, Florida, as a Defendant in this case.  Doc. 100.  On May 30, 2012, the Court granted in part and denied in part FIP's Second Motion for Summary Judgment.  Doc. 134. Specifically, the Court found that FIP was entitled to judgment in its favor on Plaintiffs' claim of illegal search, seizure and battery in Count II, but that genuine issues of material fact precluded summary judgment on Plaintiffs' claims of illegal stop, detention and imprisonment and their claim for intentional infliction of emotional distress.  *Id.* at 6-10.

On October 30, 2012, the parties commenced a jury trial.  Doc. 189.  The jury found for the remaining Plaintiffs and against Defendants.  Doc. 210.  On November 6, 2012, the Court entered Judgment, entering a separate final judgment regarding Plaintiff Sykes, who was not entitled to any of the jury's award.  Docs 219, 223.

On November 12, 2012, Defendant filed the instant Motion for Attorney's Fees and Costs (Doc. 224), to which Plaintiff Sykes responded on December 7, 2012 (Doc. 40).  Following Magistrate Judge Baker's Report and Recommendation (Doc. 252), Defendant's Objection (Doc. 257), and Plaintiff Sykes' Response to Defendant's Objection, Defendant filed a Notice of Supplemental Authority on April 25, 2013.  Doc. 272.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations."   Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*   The district judge reviews legal conclusions de novo, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   ANALYSIS

In the Report and Recommendation, Judge Baker explains that Defendant seeks to recover attorney fees and costs pursuant to Florida law regarding settlement proposals. Doc. 252, p. 3; *see* Fla. Stat. § 768.79. This statute allows a party to shift the expenses of litigation to the party that rejects a reasonable offer of settlement. Fla. Stat. § 768.79;[1] *see Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.*, 2012 WL 5818138, *1 (S.D. Fla. 2012). Magistrate Judge Baker rejected Defendant's argument that its offer of $100.00 met the statutory requirements, and that, because it ultimately received judgment in its favor with respect to Plaintiff Sykes' claims, it is entitled to attorney's fees of $17,668.00 and costs of $1,207.13 (Doc. 224-Ex. 2). Specifically, Judge Baker found that the proposed release of claims ("Release") in the Proposal included all claims alleged against Defendant arising out of the case, and was too ambiguous to be enforced. Doc. 252, p. 7 (citing *State Farm Mut. Auto. Ins. v. Nichols,* 932 So. 2d 1067, 1078 (Fla. 2006)); *see* Doc. 224-Ex. 1.

Moreover, Judge Baker concluded that Defendant's nominal offer of $100 was suspect because it was offered prior to any meaningful discovery and was not based on any real

---

[1] (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
***
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

assessment of liability or damages.  Doc. 252, p. 7; *see Fox v. McCaw Cellular Communications of Fla., Inc.*, 745 So. 2d 330, 332 (Fla. 4th DCA 1998).   The Court is in agreement with the Magistrate Judge that absent any discovery and prior to substantive rulings, Defendant could not have had sufficient information to form a reasonable basis as to its exposure at the time it tendered the Proposal.  *See Hendrix v. Evenflo Co., Inc.*, 2011 WL 1299874, *4-5 (N.D. Fla. 2011) (noting that a good faith settlement offer must bear a reasonable relationship to the amount of damages suffered by plaintiff and be based on a reasonable assessment of liability).

### A.  Scope of the Release is ambiguous

In its Objection, Defendant maintains that the clear language of the Release conditions settlement on the dismissal of Plaintiff Sykes' claims only.  Doc. 257, p. 3.   Specifically, Defendant points to the first paragraph, which indicates that the proposed settlement is for Plaintiff Sykes: "This proposal is intended to resolve all claims of the Plaintiff, Edrichus Sykes, against Defendant, Florida Intracity Patrol, Inc., in the above-styled action, or that may arise out of the incident that forms the subject of the Plaintiff's action."  Doc. 224-Ex. 1, ¶ 4(a).  In his Response, however, Plaintiff Sykes points to the conditions in the proposed Release, which include "executing and tendering a stipulation of dismissal of the above-styled case with prejudice in favor of the Defendant, Florida Intracity Patrol, Inc., upon receipt of the settlement proceeds."  *Id.* at ¶ 4(b)(2).  Plaintiff Sykes argues that the Court cannot interpret this passage to condition release on the dismissal of claims by Plaintiff Sykes only.  Doc. 261, p. 2.

Upon review, the Court agrees with the Magistrate Judge that the scope of the claims at issue in the Release is ambiguous.  Doc. 252, p. 6.  Indeed, the language of the Release indicates

that the Release is not limited to the claims of Plaintiff Sykes.  Doc. 224-Ex. 1, p. 4.[2]  Despite the language in the earlier part of the Release, the Court agrees with Magistrate Judge Baker that the language of the Release as a whole creates an ambiguity about the scope of the dismissal sought. *See State Farm,* 932 So. 2d at 1078.

In its Notice of Supplemental Authority, Defendant cites a recent decision reversing a trial court's decision to deny a motion for attorney's fees because the appellate court concluded, contrary to the lower court, that the proposal at issue was valid.  Doc. 272; *see Alamo Financing, L.P. v. Mazoff*, 112 So. 3d 626 (Fla. 4th DCA 2013).  In *Alamo*, defendant Alamo Financing offered the plaintiff $13,335.00 on the condition that plaintiff release defendant and its affiliates from suit.  *Alamo*, 112 So. 3d at 626.  Upon review, the Court of Appeals dismissed plaintiff's argument that the proposal at issue was ambiguous, finding that plaintiff's proposed construction was not plausible.  *Id.*  In fact, the *Alamo* court emphasized the contract interpretation principle that the parties' intent must be determined from an examination of the entire contract, not specific phrases.  *Id.* (citing *Moore v. State Farm Mut. Auto. Ins. Co.*, 916 So. 2d 871, 875 (Fla. 2d DCA 2005)).  Specifically, the Court of Appeals concluded that, contrary to plaintiff's interpretation, the proposed settlement and release named only defendant Alamo Financing and not another party, and thus it was clear from the proposal as a whole that it would not have extinguished plaintiff's claims against another defendant.  *Id.* at 628-31.  In this case, contrary to

---

[2] "This General Release is to include but not be limited to all claims and causes of action which could be or have been alleged against Second Party, arising out of the case styled MONICA BARTLEY, NEISHA HIGGS, DARRYEL WOODSON, JOSHUA BRYSON, T.D. BRYSON, KEVIN WALLACE, CALVIN IVORY, and EDRICHUS SYKES, Plaintiffs v. KIM'S ENTERPRISE OF ORLANDO, INC.*,* A Florida for profit corporation, d/b/a "Magic Mall" and "Magic Outlet" and "Magic Outlet Mall"; FLORIDA INTRACITY PATROL, INC., a Florida for profit corporation; and THE SHERIFF OF ORANGE COUNTY, FLORIDA, a Constitutional Officer, Defendants, Case No. 6:10-cv-01180-MSS-DAB, which is presently pending in the United States District Court, Middle District of Florida, Orlando Division."

Defendant's argument, a reading of the entire Release, as opposed to just certain phrases, generates ambiguity about the Release's scope.   Accordingly, the recent Florida appellate decision supports this Court's conclusion that the scope of the Release in the Proposal is ambiguous.  *See Alamo Financing*, 112 So. 3d at 627.

### B.  Defendant's nominal offer was not made in good faith

Although conceding that the Court is within its discretion to determine that an offer for settlement was not made in good faith, Defendant argues that the Magistrate Judge erred in finding that its Proposal was not made in good faith.  Doc. 252, pp. 7-8.  Defendant maintains that it had been presented with a substantial number of facts prior to making its settlement offer.  Doc. 257, pp. 3-5; *see* Fla. Stat. § 768.79.  Specifically, Defendant argues that although it made its settlement offer at the first opportunity, it had conducted a reasonable investigation into the incident and concluded that its exposure was minimal as to claims by Plaintiff Sykes.  *Id.* at 5.

Upon review, the Court agrees with Magistrate Judge Baker that even though the Court subsequently granted summary judgment against Plaintiff Sykes, a jury awarded over two million dollars on the same claims brought by other Plaintiffs.  Doc. 252, p. 8; *see* Doc. 210.  Despite Defendant's claim that it had a third party evaluate the claims prior to tendering its Proposal, courts have repeatedly found that it is not enough that an offer of judgment be based on Defendant's own subjective determination that it is not liable, and emphasize that courts should be skeptical of offers which bear no reasonable relationship to damages and which are not founded upon a realistic assessment of liability.  *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1336, 1341 (S.D. Fla. 2007); *Hendrix,* 2011 WL 1299874 at *4-5; *Stouffer Hotel Co. v. Teachers Ins.,* 944 F. Supp. 874, 875 (M.D. Fla. 1995) ("[A]n offer of judgment or offer of settlement or the same thing by another name ought to be more than a carefully crafted, cleverly

calculated, and disingenuous attempt to shift the economic burden of litigation. An offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle.").

**IV.    CONCLUSION**

As the Court agrees with the Magistrate Judge that Defendant's Proposal was ambiguous and not made in good faith, the Court concludes that Defendant's Motion for Attorney's Fees and Costs (Doc. 224) should be denied.  *See* Fla. Stat. § 768.79.  Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 252) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Defendant Florida Intracity Patrol, Inc.'s Motion for attorney's fees and costs (Doc. 224) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker